FILED
SUPERIOR COURT
OF GUAM

2023 FEB -2 PM 5: 01

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0437-22 |
| | ) | GPD Report No.: 22-16606 |
| vs. | ) | |
| | ) | |
| ISMAEL RAHEIM DE-ANGELO JORDAN | ) | DECISION AND ORDER |
| DOB: 12/08/1993 | ) | REDUCING FELONY FAMILY |
| | ) | VIOLENCE CHARGE TO |
| Defendant. | ) | A MISDEMEANOR |
| | ) | |

## I. INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on November 22, 2022 for a Motion Hearing on Ismael Raheim De-Angelo Jordan's (the "Defendant") motion to reduce his felony family violence charge to a misdemeanor or, alternatively, to dismiss the charge (the "Motion"). The Defendant was not present; however, Attorney William Pole appeared on his behalf and waived Defendant's appearance for the purpose of the hearing. No representative from the Office of the Attorney General appeared. After reviewing the Defendant's brief, oral argument, the underlying record, and the applicable case law and statutes, the Court **GRANTED** Defendant's Motion from the bench and now issues this Decision and Order memorializing its ruling.

## II. BACKGROUND

On July 8, 2022, the Defendant was indicted by a grand jury on charges of AGGRAVATED ASSAULT (As a 3rd Degree Felony); FAMILY VIOLENCE (As a 3rd Degree

Felony); and FAMILY VIOLENCE (As a Misdemeanor).[1] The Defendant is accused of assaulting Belinda Calip Rosario (the "Victim") on or about June 23, 2022. Magistrate's Compl. (June 24, 2022). The Victim was apparently admitted to the hospital after the incident, rating her pain a nine out of 10, and complained of having trouble speaking. *Id.*

The Defendant moved for the Second Charge of FAMILY VIOLENCE (As a 3rd Degree Felony) to be reduced to a misdemeanor pursuant to 9 GCA §30.20. In the alternative, Defendant asked the Court to dismiss the charge. In support, the Defendant asserted that there is no evidence to prove this incident occurred. *See* Deft.'s Br. at 2 ("No marks where[sic] found on the alleged victim; the victim said she was going to go to the hospital on her own, but no evidence that she went has been presented."). The Defendant also proposed that "[t]he Office of the Attorney General already charged out Family Violence as a Misdemeanor as charge three of the complaint. This does not seem to be a separate charge, but rather a lesser included to charge two." *Id.* at 1. Because of this, Defendant contests, then all seven factors of 9 GCA § 30.20 go in favor of reducing the charge if not an outright dismissal of the charge.

The Defendant claims to be employed with no history of violence and is "willing to go through any treatment recommendations and orders of the Court if applicable." *Id.* at 2. Probation similarly found the Defendant has "[n]o prior records of arrests." Magistrate Summ. Report (June 24, 2022). The People did not file a response nor appear at the noticed hearing.

//

//

---

[1] Indictment (July 8, 2022).

## III.   DISCUSSION

### A. Motion to Reduce Felony Family Violence Charge to a Misdemeanor

9 GCA §30.20(b) permits the Court to use its discretion to reduce a felony family violence charge to a misdemeanor after considering the following factors:

(1) the extent or seriousness of the victim's injuries;
(2) the defendant's history of violence against the same victim whether charged or uncharged;
(3) the use of a gun or other weapon by the defendant;
(4) the defendant's prior criminal history;
(5) the victim's attitude and conduct regarding the incident;
(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
(7) the defendant's history of and amenability to counseling

9 GCA §30.20(c).

### 1.   The extent or seriousness of the Victim's injuries.

The Magistrate Complaint portrays an alarming illustration of the Defendant's alleged actions. The Victim stated that she was picked up by her neck and head area, felt pain, and started to punch and kick in effort to escape the Defendant's grasp. She later allegedly went to the emergency room, rated her pain as 9 out of 10 and could not speak. The Defendant counters that there is no sign of physical injuries nor any evidence she actually presented herself to the hospital. Despite Defendant's contest to the sufficiency of the evidence, the accusations are serious and, despite that no prosecutor appeared at the hearing on this matter to provide the Court with information regarding the strength of its case, this factor weighs against reduction.

### 2.   Defendant's history of violence against the same victim whether charged or uncharged.

Defendant states in his brief that he has "no history of violence." Deft.'s Br. at 3. Nothing on the record suggests Defendant has previously aggrieved the Victim. Probation Service Division

("Probation") also confirms that the Defendant has no prior history of violence against this nor any other person. This factor weighs in favor of reducing the charge.

### 3. The use of a gun or other weapon by the Defendant.

The Magistrate's Complaint describes the Defendant using his hands to allegedly hurt the Victim. No mention of a weapon appears. Nothing in the record otherwise suggests a weapon was involved. This factor weighs in favor of reducing the charge.

### 4. The Defendant's prior criminal history.

Probation submitted that the Defendant has "[n]o prior records of arrests." Magistrate Summ. Report. This factor weighs in favor of reducing the charge.

### 5. The Victim's attitude and conduct regarding the incident.

The Victim submitted a signed and notarized statement expressing her desire to have the Defendant's case dismissed. *See* Sealed Filing (Nov. 22, 2022). This follows a similar statement the Victim made to the People requesting the charges be dropped. *See* Sealed Filing (Sept. 19, 2022). The Victim's statements manifest an attitude towards the incident that is favorable to the Defendant. Therefore, this factor weighs in favor of reducing the charge.

### 6. The involvement of alcohol or other substance, and the Defendant's history of substance abuse as reflected in the Defendant's criminal history and other sources.

The Magistrate's Complaint does not mention alcohol nor any other substances and nothing else in the record suggests that alcohol was involved. Since the Defendant does not have a criminal record, his criminal history or lack thereof also does not speak to a history of any alcohol or substance abuse. Furthermore, Magistrate Judge Quan granted the Defendant pretrial release in this case under certain conditions, including that the Defendant not possess or consume alcohol, illegal controlled substances, or marijuana. Order of Conditional Release ¶ 12 (June 24, 2022).

The Defendant has not incurred a violation of those conditions to date. This factor weighs toward reducing the charge.

### 7. The Defendant's history of and amenability to counseling.

In his moving papers, the Defendant stated that he is "willing to go through any treatment recommendations and order of the Court if applicable." The Defendant's pledge alone suggests his amenable to counseling. Beyond words, the Court was informed during the hearing that the Defendant has already begun an anger management and family counseling program. Hr'g Tr. at 1:48 PM (Nov. 22, 2022). On January 3, 2023, the Court received information that the Defendant is participating in treatment programs with his base command. This factor thus weighs towards reducing the charge.

In all, six the seven factors weigh in favor of reducing the charge. Thus, Defendant's Second Charge of Family Violence (As a 3rd Degree Felony) shall be reduced to a misdemeanor pursuant to 9 GCA § 30.20.

### B. Defendant's Motion to Dismiss the Felony Family Violence Charge.

Defendant alternatively requested that the felony family violence charge be dismissed largely upon the grounds that there is no evidence that the incident occurred. *See* Def.'s Br. at 2. Under an insufficiency of evidence argument, the Court must view the evidence in the light most favorable to the People and then "evaluate[] whether there is enough direct or circumstantial evidence presented so reasonable inferences may be drawn supporting each element of the crime charged." *People v. Pinaula*, 2022 Guam 3 ¶ 62. "Entirely circumstantial evidence may be sufficient." *Id.* At present, and at a minimum, it seems the Victim could provide testimony against the Defendant despite her stated desire that Defendant not be prosecuted for the crimes as alleged.

This testimony alone would suffice. *See United States v. Lopez Garcia,* 672 F. 3d 58, 61 (1st Cir. 2012) ("[t]estimony from a single witness can be enough to support a conviction.").

Guam law is clear that "[a]n issue of fact shall be tried by a jury if a jury trial is required and not waived." 8 GCA § 65.40. The Guam Supreme Court has also previously held that no "prosecution [should] thereon [be] prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." *People v. San Nicolas,* 2013 Guam 21 ¶ 21 (quoting *Roads v. Superior Court In & For Cnty. of Siskiyou,* 80 Cal. Rptr. 169, 171 (Ct. App. 1969)). A grand jury was presented with evidence and on the strength of that evidence the grand jury issued a true bill indicting the Defendant. A grand jury indicts "when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b) (2013). "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. Grajo,* 1987 WL 109393 at* 2 (D. Guam Feb. 12, 1987) (citations omitted). Therefore, a Grand Jury has already found that a reasonable finder of fact could very well determine that the Defendant acted as charged. Thus, the question of Defendant's guilt beyond a reasonable doubt from all of the evidence presented, is a matter for the petit jury.

Notwithstanding this finding, however, the Court has granted Defendant's Motion to Reduce the felony charge to a misdemeanor; therefore, the Second Charge shall proceed as a Misdemeanor. It is unclear whether the Third Charge is based upon the same facts upon which the felony charge was based; therefore, the Court will not dismiss Charge Three of the Indictment unless there is good cause to do so.

## IV.   CONCLUSION

For the reasons states above, the Court hereby **GRANTS** Defendant's Motion to reduce the Family Violence (As a Third Degree Felony) to a misdemeanor. The Court's decision herein does not affect Charge One, Aggravated Assault (As a 3rd Degree Felony) nor Charge Three, Family Violence (As a Misdemeanor).

The People are ORDERED to file an Amended Indictment consistent with the Court's Decision and Order herein within thirty (30) days of the entry of this Decision on the docket.

SO ORDERED this **FEB 0 2 2023**

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam